# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| BANK OF AMERICA, N.A. | | CIVIL ACTION NO. 3:11-CV-1 |
| | *Plaintiff* | |
| v. | | MEMORANDUM OPINION |
| PATRICIA M. KLUGE | | JUDGE NORMAN K. MOON |
| | *Defendant.* | |

This matter is before the court upon consideration of Plaintiff Bank of America, N.A.'s motion for default judgment (docket no. 11), seeking damages and attorney fees arising out of Defendant Patricia M. Kluge's alleged default under the terms of three promissory notes, as amended. For the reasons set forth below, I will enter the default judgment and award the damages requested, but withhold awarding attorney fees pending further briefing.

Obtaining a default judgment is a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Such entry of default is "merely interlocutory; it is a mechanism to provide notice to the defaulting party before default judgment is entered by the court." *Carbon Fuel Co. v. USX Corp.*, No. 97-1995, 1998 WL 480809, at *3 (4th Cir. 1998) (unpublished decision). Once default has been entered, the party seeking default may move that the court grant default judgment pursuant to Rule 55(b). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Trustees of the Nat'l Automatic Sprinkler Industry Welfare Fund v. Advanced Safety, Inc.*, No. DKC 10-1611, 2011 WL 1557918, at *2 (D. Md. Apr. 21,

2011).  While the Fourth Circuit has a "strong policy" favoring resolution of cases on the merits, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is nonetheless appropriate where a party has abandoned its case.

Plaintiff properly served process on Defendant by affixing a summons and complaint to the door of Defendant's usual place of abode on February 4, 2011, and subsequently mailing copies to Defendant.  *See* Fed. R. Civ. P. 4(e)(1); Va. Code § 8:01-296(1)-(2).  After the deadline to file a responsive pleading had elapsed, the clerk of the court entered default pursuant to Rule 55(a) on February 28, 2011.  On April 13, 2011, Plaintiff filed the instant motion.  As Defendant has not responded to the complaint or motion, or otherwise given any indication that she intends to contest the case, default judgment is appropriate.  Therefore, Defendant's default under the three promissory notes, and Plaintiff's entitlement to relief, are established.  *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting that upon default judgment the allegations set forth in the complaint are deemed admitted).

Rule 55(b)(2) permits the court to conduct hearings to determine the amount of damages, or investigate other matters.[1]  However, Plaintiff has filed sufficient evidence such that a hearing on damages is not required.  The motion includes a declaration setting forth, *inter alia*, that the Defendant is indebted to Plaintiff as follows:  (a) As to Count I of the complaint, $13,800,000.00 principal, plus interest in the amount of $654,286.35 and fees and late charges totaling $21,509.53 through December 20, 2010, plus interest on the principal balance at 6.58% per annum commencing December 20, 2010 until paid in full; (b) as to Count II, $4,070,119.66 principal, plus interest in the amount of $161,544.08 through December 20, 2010, plus interest on the principal balance at 5.59% per annum commencing December 20, 2010 until paid in full;

---

[1] Certain requirements apply if the defendant is a minor, incompetent, or a member of the military.  *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 501 *et seq*.  However, none of these considerations are in issue.  *See Def's. Br. Ex. A. ¶ 3.*

and (c) as to Count III, 5,000,000.00 principal, plus interest in the amount of $247,508.22 through December 20, 2010, plus interest on the principal balance at 6.87% per annum commencing December 20, 2010 until paid in full. Accordingly, I will award damages as requested.

The motion also sets forth a claim for "reasonable attorney's fees . . . to date and . . . to be incurred in the amount of $200,000.00." However, as Plaintiff has provided no evidence supporting the reasonableness of the fees sought, I cannot grant the award. A district court must consider numerous factors before determining what constitutes a reasonable fee. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.1978); *Jackson v. Estelle's Place, LLC*, 391 Fed. App'x 239, 243-44 (4th Cir.2010). As there is no factual basis for performing the analysis required, I will withhold granting attorney fees pending further briefing, in accordance with the accompanying order.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record, and to the Defendant.

Entered this 9th day of May, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE